Eastern District of Kentucky
F I L E D

JAN 1 6 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA

V.                          SUPERSEDING INDICTMENT NO. 5:19-CR-169-S-KKC

ISMAILA S. FAFUNMI

\* \* \* \* \*

THE GRAND JURY CHARGES:

## Background

1.      Defendant **ISMAILA S. FAFUNMI**, a citizen of Nigeria with permanent resident status in the United States, was a resident of Speedway, Indiana.

2.      At all times relevant to this Indictment, Victim #1 was a woman in her seventies, who resided in and conversed online and telephonically with an individual she met online from Lexington, in the Eastern District of Kentucky.

3.      At all times relevant to this Indictment, Victim #2 was a woman in her sixties, who resided in the Commonwealth of Kentucky and sent money through the mail to perpetrators living in the State of Indiana.

## COUNT 1
### 18 U.S.C. § 1349

4.      Paragraphs 1 and 2 are realleged and incorporated by reference as if fully set forth herein.

5.      Beginning on a date unknown, but no later than June, 2018, through at least

October 9, 2019, in the Eastern District of Kentucky, and elsewhere,

## ISMAILA S. FAFUNMI

did knowingly and intentionally conspire with others known and unknown to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and in execution of said scheme and artifice, to transmit or cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing said scheme or artifice to defraud, in violation of 18 U.S.C. § 1343.

### Manner and Means

6.    The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

7.    It was part of the conspiracy that the Defendant and his coconspirators collaborated together, via encrypted chat, email communications, and otherwise, to create fake online dating profiles to post to online dating websites.

8.    It was part of the conspiracy that coconspirators would engage in online chats, emails, and telephone calls with unwitting victims located in the United States – such as Victim #1 – in efforts to convince those victims that they are involved in a romantic relationship with someone they have met through online dating websites, who did not actually exist.

9.    It was part of the conspiracy that coconspirators would then convince the unwitting victims to send money to those nonexistent online romantic partners or to give them access to financial accounts, so the Defendant and coconspirators could initiate

money transfers themselves.

10.     It was part of the conspiracy that the Defendant would provide to his coconspirators through encrypted chat communications information for bank accounts to receive funds transferred from the unwitting victims, who had been lured into sending those funds under false pretenses.

11.     It was part of the conspiracy that the Defendant and his coconspirators would convey the bank account information to the unwitting victims, who would send money according to this direction. For example, the Defendant and his coconspirators set up bank accounts in the names of L.A. and R.S., and directed Victim #1 to send money to accounts in those names through money wire or bank deposit.

12.     Between in or about June 2018, and in or about December 2018, Victim #1 sent approximately $164,000 to the Defendant's coconspirators via bank or wire transfer or bank deposit, as a result of fraudulent misrepresentations made to Victim #1, using interstate wires.

13.     It was part of the conspiracy that the Defendant and his coconspirators would discuss over encrypted chat communications how to address questioning by financial institutions into the source and nature of the transactions.

All in violation of 18 U.S.C. § 1349.

## COUNT 2
### 18 U.S.C. § 1956(h)

14.     Paragraphs 1 through 13 are realleged and incorporated by reference as if fully set forth herein.

15.     Beginning on an unknown date, but no later than June, 2018, through at least October 9, 2019, in the Eastern District of Kentucky, and elsewhere,

**ISMAILA S. FAFUNMI**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a) knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud and mail fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) knowingly engage and attempt to engage, in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, wire transfers and monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1957.

## Manner and Means

16.     The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

17. The Defendant paid money mules to open and manage domestic bank accounts in order to receive and negotiate funds from Victim #1, the details of which were sent to Victim #1 via wire communication.

18. It was part of the conspiracy that the Defendant and his coconspirators directed these money mules to then transfer the funds from Victim #1 to the Defendant and his coconspirators through bank wire, money service business transfer, and bank deposit, oftentimes to locations outside the United States, all to conceal the nature, source, and control of those assets.

19. The Defendant and his coconspirators maintained residential addresses in Speedway, Indiana, and elsewhere, at which they would receive funds from Victim #2. The Defendant and his coconspirators also paid money mules to use their address to receive and send funds defrauded from unwitting victims. Between in or about June 2018, and in or about July 2018, the Defendant and his coconspirators defrauded Victim #2 into believing she had to pay money in order to receive a substantial sum of money from a government grant. Victim #2 sent a total of $183,000 in cash via mail through Federal Express and UPS to the Defendant, his coconspirators, and the money mules as a result of the fraudulent representations made to Victim #2.

20. It was part of the conspiracy that after defrauding Victim #2 into mailing money, the Defendant, his coconspirators, and the money mules then transferred the money to the Defendant and other coconspirators via wire transfer and money service business transfer, oftentimes to locations outside the United States, all to conceal the nature, source, and control of those assets.

21.    It was further part of the conspiracy that the Defendant and his coconspirators would engage in monetary transactions by, to, or through financial institutions, in criminally derived property of a value greater than $10,000.

All in violation of Title 18, United States Code, Sections 1956(h).

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 982(a)(1)

1.    The allegations contained in Counts 1 and 2 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, the defendant, **ISMAILA S. FAFUNMI**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendant, **ISMAILA S. FAFUNMI**, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

4.  The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**

A sum representing the proceeds and gross proceeds of the alleged violations in aggregate obtained by the defendant, **ISMAILA S. FAFUNMI**.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

# PENALTIES

**COUNT 1:**    Not more than 20 years imprisonment, fine of not more than $250,000 or twice the amount of gross gain or loss, and 3 years supervised release.

**COUNT 2:**    Imprisonment for not more than 20 years, fine of not more than $500,000 or twice amount of gross gain or loss, and supervised release for not more than 3 years.

**PLUS:**    Mandatory special assessment of $100.

**PLUS:**    Restitution, if applicable.